█ 2-4 Amsterdam Avenue Corp., Respondent, v. Murray Fabricant, Appellant, and Lillian Nadelhaft, Respondent, et al., Defendants.—

Plaintiff was the successful bidder of the mortgaged premises at a foreclosure sale held on January 20, 1959, pursuant to a judgment of foreclosure and sale entered November 18, 1958. However, the judgment of foreclosure and sale was vacated by order dated July 29, 1959. A new foreclosure action was then commenced which resulted in a second judgment of foreclosure and sale. It was the sale pursuant to that second judgment, scheduled for August 19, 1960, which was stayed by the order which is the subject of this appeal. The action brought by plaintiff under article 15, sections 500-a and 506-b of the Real

Property Law, in the main, seeks a declaration that plaintiff be determined to be the sole person entitled to purchase the premises pursuant to the second judgment of foreclosure and sale. A temporary injunction should not be granted unless a clear right to the relief demanded is established by the papers (*Park Terrace Caterers* v. *McDonough,* 9 A D 2d 113, 114). In our view, it is doubtful whether plaintiff has any cause of action under article 15 of the Real Property Law, as a purchaser under a vacated judgment of foreclosure. Particularly since this court affirmed the judgment of foreclosure in the second action— (*Fabricant* v. *Hyed Realty Corp.,* 13 A D 2d 943, motion for leave to appeal denied 14 A D 2d 672)—plaintiff shows no probability of success in establishing any rights as a bidder under the vacated first judgment. As a stranger to the second foreclosure action, plaintiff certainly can have no rights in the second foreclosure judgment. Consequently, it was an error to grant the motion to stay the sale of the second foreclosure judgment. Concur — Rabin, J. P., Valente, Stevens, Eager and Bergan, JJ.